SAMUEL J. DE WOLF, Respondent, v. ORRIN BAILEY, and ANNIE F. BAILEY (Wife), Appellants.

No. 1148; September 29, 1856.

**Mortgage—Redemption.**—The Omission in a Decree of Foreclosure to provide for a redemption of the property does not of itself prevent a redemption being made.

**Mortgage—Failure of Wife to Join.**—In the Case of a Purchase Money mortgage the interest of the wife in the premises is bound, although she does not join the husband in the execution.

**Appeal—Damages Because Frivolous.**—An appeal on errors assigned, in no manner supported by the record, subjects the appellant to damages along with affirmation of the judgment.

APPEAL· from Fourth Judicial District, San Francisco County.

The suit was to foreclose a mortgage made by Orrin F. Bailey and Annie F. Bailey, his wife. The note and mort-

gage were for the purchase money of the premises and the latter were common property of the husband and wife. Against the latter there was no deficiency judgment asked or recovered. The defendants did not set up a homestead claim by their answer or attempt to prove any at the trial, and no objection was taken at the trial to the form of the wife's acknowledgment. The decree did not provide in express terms for a redemption.

F. C. Hambley for respondent; G. P. Forbes for appellant.

MURRAY, C. J.—The errors assigned by the appellant are not supported by the record. The question of homestead was never raised in the court below. The court properly admitted the note and mortgage in evidence. The mortgage would have been equally valid if it had not been signed by the wife, and the note was admissible as evidence of the debt of the husband. The decree does not cut off the right of redemption from the purchaser, under the provisions of the statute.

Judgment affirmed with costs and ten per cent damages.

I concur: Terry, J.